## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| ) | |
| **ONE 2014 ROLLS ROYCE PHANTOM** ) | |
| **AUTOMOBILE, WITH VEHICLE** ) | **Civil Action No. _____** |
| **IDENTIFICATION NUMBER** ) | |
| **SCA681S57EUX73086;** ) | |
| ) | |
| **$79,806.57 OF FUNDS ASSOCIATED** ) | |
| **WITH LUOVA CONCEPT, LLC; and** ) | |
| ) | |
| **$7,987.70 OF FUNDS ASSOCIATED** ) | |
| **WITH LUOVA CONCEPT, LLC,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

*COMES NOW*, the plaintiff United States of America, by and through the United States

Attorney for the District of Columbia, and brings this verified complaint for forfeiture in a civil

action *in rem* against the defendant property, to wit:  one 2014 Rolls Royce Phantom automobile,

with Vehicle Identification Number SCA681S57EUX73086, which law enforcement seized on or

about November 16, 2017 (the "Defendant Vehicle"); $79,806.57 in funds associated with Luova

Concept, LLC, which law enforcement seized on or about September 18, 2017; and $7,987.70 in

funds associated with Luova Concept, LLC, which law enforcement seized on or about October 23,

2017 (together with the $79,806.57 in funds associated with Luova Concept, LLC, the "Defendant

Funds") (collectively, the "Defendant Properties").   In further support of its cause, the plaintiff

alleges as follows:

## NATURE OF THE ACTION AND DEFENDANT *IN REM*

1.      This *in rem* forfeiture action arises out of an investigation by the U.S. Department of

Homeland Security, Homeland Security Investigations ("HSI") into an online wire fraud and money

laundering conspiracy active in the District of Columbia and other jurisdictions, in violation of 18

U.S.C. §§ 1343 and 1349, and 18 U.S.C. §§ 1956(a)(1)(B)(i) and (h), and 1957.

2.      For the reasons set forth below, the Defendant Properties are subject to forfeiture as

property constituting or derived from proceeds traceable to wire fraud, pursuant to 18 U.S.C.

§ 981(a)(1)(C) and, in the case of the Defendant Funds, 18 U.S.C. § 984.   In addition, the Defendant

Properties are subject to forfeiture as property involved in an actual or attempted money laundering

transaction, pursuant to 18 U.S.C. § 981(a)(1)(A) and, in the case of the Defendant Funds, 18 U.S.C.

§ 984.   The Defendant Properties are in the custody of the U.S. Department of Homeland Security,

Customs and Border Protection ("CBP").

## JURISDICTION AND VENUE

3.      This Court has original jurisdiction of this civil action by virtue of 28 U.S.C. § 1345,

because it has been commenced by the United States, and by virtue of 28 U.S.C. § 1355(a), because

it is an action for the recovery and enforcement of a forfeiture under an Act of Congress.

4.      Venue is proper in this District by virtue of 28 U.S.C. § 1355(b)(1), because acts or

omissions giving rise to the forfeiture occurred in the District of Columbia.

# STATEMENT OF FACTS

5.      This Complaint arises out of a criminal investigation involving a resident of Washington, D.C. ("CO-CONSPIRATOR 1"), who participated in a large-scale wire fraud and money laundering conspiracy active in the District of Columbia, Texas, Maryland, and other jurisdictions.

## A. The Gary Baros Online Fraud Conspiracy

6.      CO-CONSPIRATOR 1 opened bank accounts in Washington, D.C. at Bank of America and Wells Fargo.  Between February 2014 and September 2016, there were more than $760,000 in suspicious deposits into these accounts, often in the form of cash and wire transfers deposited in various states across the country, with no known legitimate origin.  The suspicious deposits were frequently followed by rapid cash withdrawals (including cash withdrawals in Washington, D.C.) and international wire transfers in closely matching amounts.

7.      The practice of receiving cash deposits into a bank account from geographically diverse locations and rapidly withdrawing the funds is commonly referred to as a "funnel account." Funnel accounts are often used to launder and rapidly move cash proceeds generated from illicit activity.  The pattern of financial activity in CO-CONSPIRATOR 1's accounts is consistent with funnel account activity.

8.      On January 17, 2017, an HSI agent interviewed WITNESS 1, who was identified as depositing money into CO-CONSPIRATOR 1's account.  WITNESS 1 stated that she made the deposit at the request of an individual using the name Gary Baros ("Baros"), whom she met online through an online dating website.  WITNESS 1 provided the following further information.  Baros requested $5,000, allegedly in connection with a business deal in Dubai.  Baros provided WITNESS

3

1 with CO-CONSPIRATOR 1's bank account information for the deposit.  Baros described CO-CONSPIRATOR 1 as a housekeeper who was taking care of his paralyzed mother.  After WITNESS 1 deposited only $1,600 instead of $5,000, Baros confronted her and threatened physical violence. Subsequent to this incident, WITNESS 1 wrote a letter to CO-CONSPIRATOR 1 describing the scheme and stating that WITNESS 1 was going to report CO-CONSPIRATOR 1 to law enforcement. WITNESS 1 never received any response from CO-CONSPIRATOR 1.  WITNESS 1 provided photographs and other documents she received from Baros in the course of the fraud scheme.

9.     On February 16, 2017, an HSI agent interviewed CO-CONSPIRATOR 1 at Ronald Reagan National Airport, in Arlington, Virginia.  During the interview, CO-CONSPIRATOR 1 denied ever sending money overseas, receiving money from overseas, or receiving any domestic wire transfers.

10.    On February 24, 2017, an HSI agent conducted another interview of CO-CONSPIRATOR 1 at CO-CONSPIRATOR 1's residence in Washington, D.C.  Contrary to earlier denials, CO-CONSPIRATOR 1 admitted to receiving money from unknown individuals and transferring the funds overseas.  CO-CONSPIRATOR 1 claimed to do so on instructions from an individual CO-CONSPIRATOR 1 met online.  CO-CONSPIRATOR 1 denied receiving money or receiving a letter from WITNESS 1.

11.    On March 21 and 22, 2017, an HSI agent interviewed WITNESS 2, who was also identified as depositing money into CO-CONSPIRATOR 1's account.  WITNESS 2 made a $20,000 wire transfer into CO-CONSPIRATOR 1's Bank of America account in Washington, D.C. on August 12, 2015; and an $18,000 wire transfer into CO-CONSPIRATOR 1's Bank of America account on August 20, 2015.  WITNESS 2 stated that she made these transfers at the request of Gary

Baros, an individual she met online through an online dating website.  WITNESS 2 described an online fraud scheme substantially similar to that described by WITNESS 1.  WITNESS 2 also provided photographs she received from Baros, which appear to show the same individual as in the photographs supplied by WITNESS 1.  In total, WITNESS 2 stated that she sent more than $200,000 to Baros in connection with the online fraud scheme, either through CO-CONSPIRATOR 1's account in Washington, D.C., or through other accounts.

12.     Subscriber information for three e-mail accounts associated with Baros show that the e-mail accounts were registered from Internet Protocol ("IP") addresses in Nigeria and South Africa.

**B.  Laundering of Fraud Proceeds Through Vandex Construction Shell Company Account**

13.     In addition, on February 8, 2017, WITNESS 2 made a wire transfer in the amount of $17,000, at the direction of Baros, into a Bank of America account held in the name of Vandex Construction LLC ("Vandex Construction"), located in Houston, Texas.  The Vandex Construction account was opened by an individual ("CO-CONSPIRATOR 2") who used a false name and identifying information in opening the account.  During the 13-month period leading up to May 2017, the Vandex Construction account received deposits totaling $538,408, including $47,000 in cash deposits.  During the same time period, there were withdrawals totaling $492,836, including $202,377 in cash withdrawals.  Financial records do not show expenditures that would be expected from a legitimate construction company, such as payroll or purchases of construction materials.

**C.  Subsequent Laundering of Fraud Proceeds Through Luova Concept Accounts**

14.     On April 5 and 6, 2017, CO-CONSPIRATOR 2 obtained two cashier's checks drawn on the Vandex Construction account in the amounts of $50,000 (April 5, 2017) and $17,000 (April 6, 2017), both payable to Luova Concept LLC ("Luova Concept").  These cashier's checks were

traceable to the fraud proceeds from WITNESS 2, in connection with the Gary Baros online fraud scheme.

15.     Luova Concept has an address in Bowie, Maryland.  Its website states that the company is a "full service production company" that conducts "movie production, weddings, music videos, fashion shows, and studio portraits."  According to records from the State of Maryland, Luova Concept is engaged in "Videography, Photography, Movie Production, Artist Management, and Real Estate."

### a. The Luova Concept Bank of America Account

16.     The first check from Vandex Construction, Bank of America cashier's check number 1071405791 in the amount of $50,000, was made payable to Luova Concept and deposited into Bank of America account number ending in 1327, held in the name of Luova Concept LLC (the "Luova Concept Bank of America Account"), on or about April 5, 2017.

17.     Shortly before and after the deposit of the $50,000 cashier's check from Vandex Construction into the Luova Concept Bank of America Account, traceable to fraud proceeds from WITNESS 2, the Luova Concept Bank of America Account received a number of other large deposits from unknown depositors across a wide geographic area, including:  a Chase Bank cashier's check in the amount of $11,000, deposited on or about April 4, 2017 in Houston, Texas; a $4,560 cash deposit on or about April 4, 2017 in Mission Viejo, California; a $3,000 cash deposit on or about April 7, 2017 in Exton, Pennsylvania; a $2,000 cash deposit on or about April 7, 2017 in Glen Mills, Pennsylvania; and a $700 cash deposit on or about April 7, 2017 in Orlando, Florida.

18.     On or about April 5, 2017—the same day the $50,000 cashier's check from Vandex Construction was deposited—Luova Concept initiated an outgoing international wire transfer in the

amount of $9,000 from the Luova Concept Bank of America Account to a bank account at Emirates NBD Bank PJSC, which is located in the United Arab Emirates.

19.     On or about April 7, 2017, Luova Concept transferred $9,500 by personal check to Capital One account number ending in 3874, held in the name of Luova Concept LLC (the "Luova Concept Capital One Account").

20.     In or about late April 2017, Bank of America froze the Luova Concept Bank of America Account.  The funds in this bank account were seized pursuant to a sealed judicial search warrant on or about September 18, 2017.

**b.  The Luova Concept Capital One Account**

21.     The second check from Vandex Construction, Bank of America cashier's check number 1071405802 in the amount of $17,000, was made payable to Luova Concept LLC and deposited into the Luova Concept Capital One Account on or about April 6, 2017.

22.     Shortly before and after the deposit of the $17,000 cashier's check from Vandex Construction, traceable to fraud proceeds from WITNESS 2, the Luova Concept Capital One Account received a number of other large deposits, including:  a $5,000 cash deposit on or about April 4, 2017 in Lanham, Maryland; a $1,500 cash deposit on or about April 5, 2017 in Bowie, Maryland; a Chase Bank cashier's check in the amount of $22,000 from a second shell company in Pearland, Texas tied to CO-CONSPIRATOR 2, deposited on or about April 6, 2017; and the above-mentioned check in the amount of $9,500 from the Luova Concept Bank of America Account, deposited on or about April 7, 2017.

23.     On or about June 12, 2017, Luova Concept initiated an outgoing international wire transfer in the amount of $40,030 from the Luova Concept Capital One Account to a bank account

belonging to Nedcomoakes Limited in Lagos, Nigeria.  The wire transfer contained the notation: "PAYMENT FOR HOUSE SOLD."

24.     On or about July 17, 2017, the victim of an online fraud scheme was fraudulently induced into making a wire payment in the amount of $88,707.50, which the victim believed was for the purchase of a new home in Virginia.  In fact, the victim's payment was sent to a shell company in Houston, Texas.  On or about July 17, 2017, the shell company issued a cashier's check in the amount of $70,000, payable to Luova Concept LLC.  This cashier's check, traceable to fraud proceeds from the online fraud victim, was deposited into the Luova Concept Capital One Account on or about July 18, 2017 in Houston, Texas.

> **c.     Attempted Purchase and Export of Rolls Royce Involving Luova Concept Accounts at Capital One and Navy Federal Credit Union**

25.     In or about July 2017, Luova Concept attempted to purchase the Defendant Vehicle, a 2014 Rolls Royce Phantom, from a seller in Florida using $260,840 in funds traceable to, and comingled with, fraud proceeds.  The Defendant Vehicle was intended to be exported from Florida to an industrial company in Lagos, Nigeria.  The transaction involved the Luova Concept Capital One Account as well as Navy Federal Credit Union account number ending in 9814 (the "Luova Concept Navy Federal Account"), and is described in further detail below.

26.     Trade-based money laundering is the practice of using illicit proceeds to purchase goods used in international trade, which obscures the illegal source of the funds and can be used to transfer value to recipients in other countries without using the formal financial system.  The purchase and attempted export of the Defendant Vehicle using fraud-derived proceeds is consistent with trade-based money laundering.

27.     The Defendant Vehicle was purchased through four payments:  (1) a wire transfer in the amount of $30,000 from the Luova Concept Capital One Account on or about July 26, 2017; (2) a wire transfer in the amount of $30,840 from the Luova Concept Capital One Account on or about July 31, 2017; (3) a wire transfer in the amount of $75,000 from the Luova Concept Navy Federal Account on or about July 14, 2017; and (4) a wire transfer in the amount of $125,000 from the Luova Concept Navy Federal Account on or about July 26, 2017.

28.     As noted above, prior to the transaction involving the Defendant Vehicle, the Luova Concept Capital One account received funds traceable to the fraud proceeds from WITNESS 2.  The Luova Concept Capital One Account also received funds traceable to the fraud proceeds from the online fraud victim in Virginia.  Funds in the Luova Concept Capital One account were then used to finance the attempted purchase of the Defendant Vehicle and its export to Nigeria.

29.     In addition, as noted above, the Luova Concept Capital One account sent funds to Nedcomoakes Limited in Lagos, Nigeria on or about June 12, 2017, after receiving funds traceable to the fraud proceeds from WITNESS 2.  The same Nigerian entity, Nedcomoakes Limited, then sent two international wire payments totaling $194,975 in or about July 2017 back to Luova Concept, except this time it delivered the funds to the Luova Concept Navy Federal Account.  Those payments from Nedcomoakes Limited into the Luova Concept Navy Federal Account, which are indirectly traceable, in part, to the fraud proceeds from WITNESS 2, were then used to finance the balance of the transaction involving the attempted purchase and export Defendant Vehicle.

30.     The remaining funds in the Luova Concept Navy Federal Account were seized pursuant to a sealed judicial search warrant on or about October 23, 2017.

31.     The Defendant Vehicle was administratively seized by CBP on or about November 16, 2017, before it could be exported to Nigeria.

## COUNT ONE – FORFEITURE OF DEFENDANT VEHICLE
### (18 U.S.C. §§ 981(a)(1)(C))

32.     The factual statements made in paragraphs 1 through 31 are re-alleged and incorporated by reference herein.

33.     The Defendant Vehicle is property which constitutes or is derived from proceeds traceable to wire fraud and wire fraud conspiracy, in violation of 18 U.S.C. §§ 1343 and 1349.

34.     As such, the Defendant Vehicle is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C).

## COUNT TWO – FORFEITURE OF DEFENDANT VEHICLE
### (18 U.S.C. §§ 981(a)(1)(A))

35.     The factual statements made in paragraphs 1 through 31 are re-alleged and incorporated by reference herein.

36.     The Defendant Vehicle is property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and (h), and 1957, that is, a conspiracy to conduct or attempt to conduct financial transactions involving the proceeds of specified unlawful activity, to wit, wire fraud and conspiracy to commit wire fraud, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and a conspiracy to knowingly engage in or attempt to engage in monetary transactions in criminally derived property

of a value greater than $10,000 derived from specified unlawful activity, to wit, wire fraud and conspiracy to commit wire fraud.

37.    As such, the Defendant Vehicle is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(A).

## COUNT THREE – FORFEITURE OF DEFENDANT FUNDS
### (18 U.S.C. §§ 981(a)(1)(C) and 984)

38.    The factual statements made in paragraphs 1 through 31 are re-alleged and incorporated by reference herein.

39.    The Defendant Funds are property which constitutes or is derived from proceeds traceable to wire fraud and wire fraud conspiracy, in violation of 18 U.S.C. §§ 1343 and 1349.

40.    As such, the Defendant Funds are subject to forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 984.

## COUNT FOUR – FORFEITURE OF DEFENDANT FUNDS
### (18 U.S.C. §§ 981(a)(1)(A) and 984)

41.    The factual statements made in paragraphs 1 through 31 are re-alleged and incorporated by reference herein.

42.    The Defendant Funds are property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and (h), and 1957, that is, a conspiracy to conduct or attempt to conduct financial transactions involving the proceeds of specified unlawful activity, to wit, wire fraud and conspiracy to commit wire fraud, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and a conspiracy to

knowingly engage in or attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 derived from specified unlawful activity, to wit, wire fraud and conspiracy to commit wire fraud.

43.    As such, the Defendant Funds are subject to forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 984.

## PRAYER FOR RELIEF

*WHEREFORE*, the United States of America prays that notice issue on the Defendant Property as described above; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that a warrant of arrest *in rem* issue according to law; that judgment be entered declaring that the Defendant Property be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper.

Dated: May 25, 2018
      Washington, D.C.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar Number 472845


By: */s/ Christopher B. Brown*
Christopher B. Brown
Assistant United States Attorney
D.C. Bar Number 1008763
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C.  20530
Telephone:  (202) 252-7153
Christopher.Brown6@usdoj.gov

## <u>VERIFICATION</u>

I, Gordon Cummings, a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture *In Rem* is based upon reports and information known to me and/or furnished to me by other law enforcement agents and that everything represented herein is true and correct.

Executed on this __25th__ day of May, 2018.

*/s/ Gordon Cummings*
Gordon Cummings
Special Agent
Homeland Security Investigations

13

# CIVIL COVER SHEET

JS-44 (Rev. 5/12 DC)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America<br>c/o U.S. Attorney's Office<br>555 Fourth Street, N.W.<br>Washington, D.C. 20530 ⊞ | ONE 2014 ROLLS ROYCE PHANTOM AUTOMOBILE, WITH VEHICLE IDENTIFICATION NUMBER SCA681S57EUX73086, et al. |

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Christopher B. Brown (202) 252-7153
Assistant United States Attorney
555 4th Street, N.W., 4th Floor
Washington, DC 20530

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ⊙ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in This State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place an X in one category, A-N, that best represents your Cause of Action and one in a corresponding Nature of Suit)**

**○ A. Antitrust**
- ☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
- ☐ 151 Medicare Act

**Social Security**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**⊙ E. General Civil (Other)     OR     ○ F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 27 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Conditions
- ☐ 560 Civil Detainee – Conditions of Confinement

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☒ 690 Other

**Other Statutes**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions
- ☐ 470 Racketeer Influenced & Corrupt Organization

- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/Privacy Act* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus – General<br>☐ 510 Motion/Vacate Sentence<br>☐ 463 Habeas Corpus – Alien Detainee | ☐ 442 Civil Rights – Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loan (excluding veterans) |
| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 740 Labor Railway Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 440 Other Civil Rights<br>☐ 445 Americans w/Disabilities – Employment<br>☐ 446 Americans w/Disabilities – Other<br>☐ 448 Education | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights – Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Remand from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi-district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
18 U.S.C. Sections 981 -  forfeiture of property constituting or derived from proceeds traceable to money laundering.

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 ☐ | **DEMAND $** <br>**JURY DEMAND:** | Check YES only if demanded in complaint<br>YES ☐   NO ☒ |
|---|---|---|---|

| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | YES ☐      NO ☒ | If yes, please complete related case form |
|---|---|---|---|

**DATE:** ___05/25/2018___   **SIGNATURE OF ATTORNEY OF RECORD** /s/ Christopher B. Brown

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
**Authority for Civil Cover Sheet**

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and services of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the cover sheet.

**I.**     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff if resident of Washington, DC, 88888 if plaintiff is resident of United States but not Washington, DC, and 99999 if plaintiff is outside the United States.

**III.**    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.**    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of the case.

**VI.**    CAUSE OF ACTION: Cite the U.S. Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.**   RELATED CASE(S), IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should endure the accuracy of the information provided prior to signing the form.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | |
| **ONE 2014 ROLLS ROYCE PHANTOM** | ) | |
| **AUTOMOBILE, WITH VEHICLE** | ) | **Civil Action No. _____** |
| **IDENTIFICATION NUMBER** | ) | |
| **SCA681S57EUX73086;** | ) | |
| | ) | |
| **$79,806.57 OF FUNDS ASSOCIATED** | ) | |
| **WITH LUOVA CONCEPT, LLC; and** | ) | |
| | ) | |
| **$7,987.70 OF FUNDS ASSOCIATED** | ) | |
| **WITH LUOVA CONCEPT, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## WARRANT FOR ARREST *IN REM*

TO:  THE UNITED STATES MARSHAL'S SERVICE AND/OR ANY OTHER DULY
AUTHORIZED LAW ENFORCEMENT OFFICER:

WHEREAS a Verified Complaint for Forfeiture *In Rem* has been filed in the United States
District Court for the District of Columbia, on the 25th day of May, 2018, alleging that the
defendant property is subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. §§
981 and 984;

YOU ARE, THEREFORE, HEREBY COMMANDED to serve the defendant property,
thus bringing, within the jurisdiction of the Court, the said defendant property, more fully described
as:

**ONE 2014 ROLLS ROYCE PHANTOM AUTOMOBILE, WITH**
**VEHICLE IDENTIFICATION NUMBER SCA681S57EUX73086;**

**$79,806.57 OF FUNDS ASSOCIATED WITH LUOVA**
**CONCEPT, LLC;**

**$7,987.70 OF FUNDS ASSOCIATEDWITH LUOVA CONCEPT, LLC.**

YOU ARE FURTHER COMMANDED to provide notice of this action to all persons thought to have an interest in or claim against the defendant property by serving upon such persons a copy of this warrant and the Verified Complaint *In Rem*, in a manner consistent with the principles of service of process of an action *in rem* under the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, and the Federal Rules of Civil Procedure.

YOU ARE FURTHER COMMANDED, promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed.

Dated: _____

Clerk of the Court

By: _____

Deputy Clerk

2