IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | |
| | * | |
| **ONE 2104 ROLLS ROYCE PHANTOM AUTOMOBILE, WITH VEHICLE IDENTIFICATION NUMBER SCA681S57EUX73086;** | * * * * | Civil Action No. 18cv1228 (RDM) |
| | * | |
| **$79,806.57 OF FUNDS ASSOCIATED WITH LUOVA CONCEPT, LLC; and** | * * * | **ANSWER AND AFFIRMATIVE DEFENSES OF CLAIMANTS** |
| **$7,987.70 OF FUNDS ASSOCIATED WITH LUOVA CONCEPTS, LLC** | * * * | |
| Defendants | * * | |
| **LUOVA CONCEPTS, LLC** | * * | |
| and | * * | |
| **LUOVA CONCEPTS LIMITED** | * * | |
| and | * * | |
| **NEDCOMOAKS LIMITED** | * * | |
| Claimants | * | |

**ANSWER AND AFFIRMATIVE DEFENSES TO VERIFIED COMPLAINT
FOR FORFEITURE *IN REM***

Pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Claimants Luova Concepts, LLC, Luova Concepts Limited and Nedcomaoks Limited, set forth the following Answer and Affirmative Defenses to the Verified Complaint for Forfeiture *In Rem*.

1

## NATURE OF ACTION AND DEFENDANT *IN REM*

1. Paragraph 1 states conclusions of law to which no response is required. To the extent that the Court requires a response, Claimants assert that the statutes referenced in Paragraph 1 speak for themselves and therefore the allegations are denied. To the extent that Paragraph 1 may be read to make allegations of fact concerning Claimants or the defendants' properties, those allegations are also denied.

2. Paragraph 2 states conclusions of law to which no response is required. To the extent that Paragraph 2 may be read to make allegations of fact concerning Claimants or the defendants' properties, those allegations are denied. Claimants lack knowledge as to the present whereabouts of the defendants' properties and thus neither admit nor deny that the defendants' properties are in the custody of the U.S. Department of Homeland Security, Customs and Border Protection.

## JURISDICTION AND VENUE

3. Claimants assert that the allegation in Paragraph 3 of the Verified Complaint is a legal conclusion to which no response is required. To the extent the Court requires a response, Claimants deny that this Court has jurisdiction over this action in order to preserve all appropriate defenses.

4. Claimants assert that the allegations in Paragraph 4 of the Verified Complaint is a legal conclusion to which no response is required. To the extent the Court requires a response, Claimants deny that acts or omissions giving rise to forfeiture occurred in this district and therefore, deny that venue is proper in the District of Columbia.

## RESPONSE TO ALLEGED BASIS FOR THIS ACTION

5.	Claimants deny the allegations contained in Paragraph 5 of the Verified Complaint are true and accurate.

## RESPONSE TO ALLEGED STATEMENT OF FACTS

6.	Claimants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 6 of the Verified Complaint and therefore deny all allegations contained therein.

7.	Claimants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 7 of the Verified Complaint and therefore deny all allegations contained therein.

8.	Claimants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 8 of the Verified Complaint and therefore deny all allegations contained therein.

9.	Claimants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 9 of the Verified Complaint and therefore deny all allegations contained therein.

10.	Claimants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 10 of the Verified Complaint and therefore deny all allegations contained therein.

11.	Claimants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Verified Complaint and therefore deny all allegations contained therein.

12. Claimants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Verified Complaint and therefore deny all allegations contained therein.

13. Claimants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 6 of the Verified Complaint and therefore deny all allegations contained therein.

14. Claimants deny that the allegations contained in Paragraph 14 of the Verified Complaint are true and accurate.

15. Claimants admit the allegation in Paragraph 15 of the Verified Complaint.

16. Claimants admit that a counter credit of $50,000 was made into Luova Concepts, LLC account with Bank of America on April 5, 2017. Claimants deny any insinuation of conspiracy with Vandex Construction alleged in Paragraph 16 of the Verified Complaint.

17. Claimants admit that they received deposits into Luova Concepts, LLC Bank of America account for legitimate business transactions, but deny that the remaining allegations contained in Paragraph 17 of the Verified Complaint are true and correct.

18. Claimants admit that it initiated a wire on April 5, 2017 from Luova Concepts, LLC's Bank of America account in the amount of $9,000 for a legal and legitimate business purpose, but denies the allegation in Paragraph 18 of the Verified Complaint to the extent that it suggests that the wired funds is traceable to fraud proceeds or that the transfer was for an illegal purpose.

19. Claimants deny the allegations contained in Paragraph 19 of the Verified Complaint as characterized, to the extent that it states that Luova Concepts, LLC has a personal

check which it used to transfer $9,500 from its Bank of America Account to its Capital One Bank account.

20. Claimants admit that the account was closed on or about April 17, 2017, but are without sufficient knowledge to form a belief as to the truth of the allegations regarding the date the funds in the bank account were seized and/or the method of seizure.

21. Claimants admit that a customer deposit of $17,000 was made into Luova Concepts, LLC account with Capital One Bank on April 6, 2017. Claimants deny any insinuation of conspiracy with Vandex Construction alleged in Paragraph 21 of the Verified Complaint.

22. Claimants admit that they received deposits into Luova Concepts, LLC Capital One Bank account for legitimate business transactions, but deny that the remaining allegations contained in Paragraph 22 of the Verified Complaint are true and correct.

23. Claimants admit that on June 12, 2017 Luova Concepts, LLC wired from its Capital One Bank account the sum of $40,030 to one of its parent companies, Nedcomoakes Limited in Nigeria for legitimate business purpose. Claimants deny that the remaining allegations contained in Paragraph 23 are true and correct.

24. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 24 of the Verified Complaint and therefore deny all allegations contained therein.

25. Claimants admit that it purchased a 2014 Rolls Royce Phantom for its Chief Executive Officer in Nigeria. Claimants deny the remaining allegations in Paragraph 25 and specifically deny that the funds used for the purchase of the Rolls Royce Phantom is traceable to, comingled with, or fraud proceeds.

26. Claimants deny that the allegations contained in Paragraph 26 of the Verified Complaint are true and correct.

27. Claimants admit the allegations contained in Paragraph 27 of the Verified Complaint.

28. Claimants deny that the allegations contained in Paragraph of 28 of the Verified Complaint are true and correct. Claimants acknowledge that funds in its Luova Concepts, LLC Capital One bank account was used to make part of the payment for the purchase of the Rolls Royce Phantom.

29. Claimants deny that the allegations contained in Paragraph of 29 of the Verified Complaint are true and correct.

30. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations regarding the date the funds in the bank account were seized and/or the method of seizure, and on that basis deny the allegation contained in Paragraph 30.

31. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 31 of the Verified Complaint regarding the method of seizure and date of seizure.

## ANSWER TO COUNT ONE

32. All responses made to Paragraphs 1 through 31 of the Verified Complaint are re-alleged and incorporated herein, by reference.

33. Claimants deny the allegations contained in Paragraph 33 of the Verified Complaint.

34. Claimants deny the allegations contained in Paragraph 34 of the Verified Complaint.

6

## ANSWER TO COUNT TWO

35. All responses made to Paragraphs 1 through 31 of the Verified Complaint are re-alleged and incorporated herein, by reference.

36. Claimants deny the allegations contained in Paragraph 36 of the Verified Complaint.

37. Claimants deny the allegations contained in Paragraph 37 of the Verified Complaint.

## ANSWER TO COUNT THREE

38. All responses made to Paragraphs 1 through 31 of the Verified Complaint are re-alleged and incorporated herein, by reference.

39. Claimants deny the allegations contained in Paragraph 39 of the Verified Complaint.

40. Claimants deny the allegations contained in Paragraph 40 of the Verified Complaint.

## ANSWER TO COUNT FOUR

41. All responses made to Paragraphs 1 through 31 of the Verified Complaint are re-alleged and incorporated herein, by reference.

42. Claimants deny the allegations contained in Paragraph 42 of the Verified Complaint.

43. Claimants deny the allegations contained in Paragraph 43 of the Verified Complaint.

The remainder of Plaintiff's Complaint, beginning with the word "WHEREFORE" constitute a prayer for specific relief to which no answer is required. To the extent a

response is appropriate, Claimants deny that the relief requested is proper or justified by the facts of this case.

Claimants deny any and all allegations not specifically admitted above.

The affirmative defenses set forth below are asserted based on information and belief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Verified Complaint for forfeiture *in rem* fails to state a claim upon which relief can be granted in this case because the Claimants were engaged in a legal business enterprise that did not involve money laundering or wire fraud.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Verified Complaint for forfeiture *in rem* does not comply with the requirements of Supplement Rule G to "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Indeed, there is no affidavit in support of the Complaint, apart from the bare reference to a criminal investigation involving a resident of Washington, DC, which, again, is neither sufficient basis to support forfeiture of the defendant properties.

### THIRD AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over the defendant properties because they are not derived from illegal activities and thus not subject to forfeiture through application of the fungible funds statute, 18 U.S.C. § 984.

### FOURTH AFFIRMATIVE DEFENSE

Claimants acted in good faith at all times relevant to the Verified Complaint.

### FIFTH AFFIRMATIVE DEFENSE

The Government is estopped from obtaining a forfeiture judgment because it failed to conduct an adequate investigation and filed its Verified Complaint without sufficient prior analysis of the facts or understanding of Claimants businesses and transactions.

### SIXTH AFFIRMATIVE DEFENSE

The Government is estopped from obtaining a forfeiture judgment because it obtained the seizure warrant through incorrect, misleading, or incomplete allegations.

### SEVENTH AFFIRMATIVE DEFENSE

There was no substantial connection between the Defendant properties and an offense as required by 18 U.S.C. § 983(c)(3).

### EIGHT AFFIRMATIVE DEFENSE

There is no probable cause to believe that the Defendant properties was used or maintained, or intended to be used or maintained, to commit or to facilitate the commission of any violation of the criminal statutes.

### NINTH AFFIRMATIVE DEFENSE

The allegations contained in Plaintiff's Verified Complaint are compound, vague and ambiguous.

### TENTH AFFIRMATIVE DEFENSE

The Government cannot obtain forfeiture judgment pursuant to the unclean hands doctrine because it has not acted in good faith.

### ELEVENTH AFFIRMATIVE DEFENSE

Claimants, as innocent owners, did not know, or have reason to know, that the properties in question was traceable, commingled or derived from any criminal activity or that the properties in question were being employed or were likely to be employed in criminal activity.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's seizure of the defendant properties violates the Claimants Fourth Amendment right to be free from illegal searches and seizures.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Government cannot obtain forfeiture judgment because it has not acted in good faith.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Government cannot obtain the forfeiture it seeks because that result would be unconstitutionally disproportionate.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Government is estopped from obtaining a forfeiture judgment in order to provide restitution to victims because it was not the act or omissions of the Claimants that created the victims.

### SIXTENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the prohibition against excessive fines provided for in the Eight Amendment of the United States Constitution.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The claim is barred by the statute of limitations.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Defendant properties is not subject to seizure and forfeiture.

### NINETEENTH AFFIRMATIVE DEFENSE

Forfeiture of the defendant properties violates Due Process Clause of the Fifth Amendment to the United States Constitution because law enforcement officers involved in pursuing forfeiture have a financial incentive in securing forfeiture.

### TWENTIETH AFFIRMATIVE DEFENSE

Forfeiture of the defendant currencies is barred by the Tenth Amendment of the United States Constitution.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Government has waited an unduly long time in asserting its claims and such delay has prejudices the Claimants' rights and hindered the ability to defend/respond in this case, and therefore, the Plaintiff's claims are barred by laches.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff has waived any claims it may otherwise have had.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Forfeiture of the defendant properties is barred by the Appropriations Clause of Article 1, Section 9 of the United States Constitution. If the forfeiture is completed, law enforcement agencies will be able to use money from forfeiture to fund their activities absent any appropriation from Congress. But, under the Appropriations Clause, money for government spending must be secured through congressional appropriation.

### RESERVATION OF RIGHTS

Claimants reserve the right to assert additional affirmative defenses or amend these affirmative defenses as discovery warrants.

### CLAIMANTS DEMAND FOR JURY TRIAL

Claimants hereby demands a trial by jury on all issues so triable.

**WHEREFORE**, Claimants hereby demand that the Court deny Plaintiff's claims for forfeiture of the Defendant properties; order defendant properties returned to Claimants; order that Plaintiff pay Claimants' attorneys' fees and costs pursuant to 28 U.S.C. § 2465(b)(1)(A);

order that Plaintiff pay pre- and post- judgment interest on the defendant currency to Claimants pursuant to 28 U.S.C. § 2465(b)(1)(B)-(C); order that Plaintiff pay for depreciation of Claimants 2014 Rolls Royce Phantom pursuant to 28 U.S.C. § 2465(b)(1)(B)-(C); and enter such additional relief as the Court deems just and proper.

                Respectfully submitted,
                THE IWEANOGES' FIRM, PC


                _____/s/ JudeIweanoge/s/_____
                C. Jude Iweanoge (DC Bar No. 493241)
                Iweanoge Law Center
                1026 Monroe Street, NE
                Washington, DC  20017
                Phone:  (202) 347-7026
                Fax:     (202) 347-7108
                Email:  jci@iweanogesfirm.com


**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on July 18, 2018, I, C. Jude Iweanoge, the undersigned attorney for claimants, caused service of the foregoing Answer and Affirmative Defenses to Complaint for Forfeiture *In Rem* on Christopher B. Brown, Assistant United States Attorney, by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which will electronically notify the parties.

    Executed on July 18, 2018.

                _____/s/JudeIweanoge/s/_____
                    C. Jude Iweanoge