**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| v. | * | |
| | * | |
| **ONE 2104 ROLLS ROYCE PHANTOM** | * | Civil Action No. 18cv1228 (RDM) |
| **AUTOMOBILE, WITH VEHICLE** | * | |
| **IDENTIFICATION NUMBER** | * | |
| **SCA681S57EUX73086;** | * | |
| | * | |
| **$79,806.57 OF FUNDS ASSOCIATED** | * | |
| **WITH LUOVA CONCEPT, LLC; and** | * | |
| | * | |
| **$7,987.70 OF FUNDS ASSOCIATED** | * | |
| **WITH LUOVA CONCEPTS, LLC** | * | |
| | * | |
| **Defendants** | * | |
| | * | |

_____

## CLAIMANTS' OPPOSITION TO GOVERNMENT'S MOTION FOR INTERLOCUTORY SALE OF DEFENDANT VEHICLE

The Claimants, Luova Concepts, LLC, Luova Concepts Limited and Nedcomaoks Limited (hereinafter "Claimants"), by and through their undersigned counsel, and files this response in opposition to Government's Motion for Interlocutory Sale of Defendant Vehicle. In support thereof, the Claimants states as follows:

1. That on or about November 16, 2017, the Government seized Claimants' 2014 Rolls Royce Phantom automobile purporting that a portion of the money that was used in the purchase was derived from funds that were allegedly taken from Claimant Wong by a third party premised on a transaction unbeknownst to Claimants between Claimant Wong and the third party. The Government has not fully disclosed the transaction between Claimant Wong and the third party or any facts that show the

fraudulent nature of their transaction or facts to establish that Claimants' were aware or in any way participated in the alleged fraudulent transaction.

2.      On August 30, 2018, the Government filed a Motion for Interlocutory Sale of Defendant Vehicle and baldly asserts without more that the sale of Claimants vehicle is necessary in order to avoid storage costs and depreciation. Worthy of note is that the Government contends there is good cause to proceed with an interlocutory sale of the Defendant Vehicle but fails to state the specific nature of the storage or that the storage cost is excessive to warrant an immediate sale of the vehicle.

3.      The Government cannot meet the factors enumerated under Supplemental Rule G(7)(b)(i) to warrant an interlocutory sale of Defendant vehicle.  Therefore, the Government should be permitted to interfere with Claimants property interest in the 2014 Rolls Royce Phantom.

4.      The Government's argument that the sale is necessary in order to avoid depreciation is without merit because the Government cannot prove that it is entitled to the proceeds of sale of the vehicle neither can it show any nexus between the Vehicle and any illegal conduct of Claimants. In civil forfeiture actions, the "burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1). Therefore, to satisfy this burden, the Government must show that it is "more probable than not" that the property is subject to forfeiture. See Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust, 508 U.S. 602, 622 (1993). Government cannot meet its burden because Claimants are innocent owners and the funds they used for the purchase of the vehicle is from a legitimate source.

5.      The only other claim filed in this matter besides Claimants is Claimant Wong who has filed a claim for $70,000.00. Even assuming *arguendo* that Claimant Wong prevails in his claim, the Government is in possession of Claimants funds that are in excess of the $70,000.00 that can be used to

satisfy the claim of Claimant Wong. Therefore, the sale of Defendant Vehicle is not necessary in order to satisfy the claim of Claimant Wong, if warranted.

6.  The instant matter can be concluded fairly quickly since the case does not present any complex claims neither will there be a protracted litigation especially since the Government has already conceded that it will not challenge the verified claim of Claimant Wong. Hence any risk of further depreciation would be so insignificant because of the type of Defendant Vehicle, which clearly retains its value. Moreover, the cost of storing Defendant Vehicle cannot be excessive and/or disproportionate to the fair market value of a 2014 Rolls Royce Phantom.

7.  Claimants submit that contrary to the Government's assertion that the sale of Defendant Vehicle will be in the best interest of all parties, the facts and circumstances of this case does not show how it will be in the best interest of Claimants if their vehicle is sold at a public auction at a value that would be below the fair market value and a loss that would be higher than the combined amount of the depreciation the Government is allegedly trying to prevent and any storage costs. Moreover, as previously stated Claimant Wong's interest is protected if he prevails on his claim because there is sufficient Defendant Funds to satisfy his claim without the need to sell Defendant Vehicle.

8.  Claimants would be unduly prejudiced by a sale of Defendant Vehicle because it is undisputed that the Government will under sell the vehicle at a public auction in addition to the costs associated with the sale which would be deducted from the sale proceeds. Hence, Claimants' would have to incur a huge expense to make up the difference in the net proceeds recovered from the interlocutory sale, to enable them to purchase another Rolls Royce Phantom after they prevail on their claims. Conversely, the Government and Claimant Wong would not be prejudiced if the motion for interlocutory sale is denied since their interest will be fully protected without the need for a sale of Defendant Vehicle prior to conclusion of this matter.

WHEREFORE, Claimants respectfully request that this Honorable Court deny Government's Motion for Interlocutory Sale of Defendant Vehicle based on the foregoing and any other reasons that may appear to the Court at a hearing on Government's Motion for Interlocutory Sale of Defendant Vehicle.

        Respectfully submitted
        **THE IWEANOGES' FIRM, P.C.**

By:   /s/*CJudeIweanoge*/s/
        C. Jude Iweanoge, DCB#493241
        **IWEANOGE LAW CENTER**
        1026 Monroe Street, NE
        Washington, D.C. 20017-1760
        Phone: (202) 347 – 7026
        Fax: (202) 347 -7108
        Email jci@iweanogesfirm.com

## **REQUEST FOR A HEARING**

Claimants request a hearing on the issues raised in Government's Motion for Interlocutory Sale of Defendant Vehicle and Claimants Opposition.

        Respectfully submitted
        **THE IWEANOGES' FIRM, P.C.**

By:   /s/*CJudeIweanoge*/s/
        C. Jude Iweanoge, DCB#493241
        **IWEANOGE LAW CENTER**
        1026 Monroe Street, NE
        Washington, D.C. 20017-1760
        Phone: (202) 347 – 7026
        Fax: (202) 347 -7108
        Email jci@iweanogesfirm.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on September 17, 2018, a copy of the foregoing Opposition was filed via electronic case filing system of the United States District Court for the District of Columbia and accordingly, the Court will notify the Government through the court's e-file system.

                                                                                                                           ____/s/*CJudeIweanoge*/s/___
                                                                                                                           C. Jude Iweanoge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| **Plaintiff** | * |
| | * |
| v. | * |
| | * |
| **ONE 2104 ROLLS ROYCE PHANTOM AUTOMOBILE, WITH VEHICLE IDENTIFICATION NUMBER SCA681S57EUX73086;** | *   Civil Action No. 18cv1228 (RDM) |
| | * |
| **$79,806.57 OF FUNDS ASSOCIATED WITH LUOVA CONCEPT, LLC; and** | * |
| | * |
| **$7,987.70 OF FUNDS ASSOCIATED WITH LUOVA CONCEPTS, LLC** | * |
| | * |
| **Defendants** | * |

_____

## **ORDER**

UPON CONSIDERATION of Government's Motion For Interlocutory Sale of Defendant Vehicle, any Claimants Luova Concepts, LLC, Luova Concepts Limited and Nedcomoaks Limited's Opposition thereto, it is this _____ day of _____, 2018, by the United States District Court for the District of Columbia, hereby,

**ORDERED**, that the Government's Motion for Interlocutory Sale of Defendant Vehicle be and the same is hereby DENIED and; it is further

**ORDERED**_____

**SO ORDERED**.

_____
HON. RANDOLPH D. MOSS
United States District Judge