You're UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  *Plaintiff*,  v.  ONE 2014 ROLLS ROYCE PHANTOM AUTOMOBILE, *et al.*,  *Defendants*. | Civil Action No. 18-1228 (RDM) |

**ORDER**

The matter before the Court is the United States of America's motion for interlocutory sale of the Defendant property in this civil forfeiture action: one 2014 Rolls Royce Phantom Automobile with Vehicle Identification Number SCA681S57EUX73086.  Dkt. 14.  Claimant Jason Wong concurs in the sale.  Oct. 3, 2018 Hrg. Tr. at 2 (Rough).  The remaining claimants, Luova Concepts, LLC, Luova Concepts Limited, and Nedcomoaks Limited ("Opposing Claimants"), object.  Dkt. 17.

Pursuant to Rule G7(b) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), the Court "may order all or part of the [Defendant] property sold if," *inter alia*, "the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;" "the expense of keeping the property is excessive or is disproportionate to its fair market value;" or "the court finds other good cause."  Fed. R. Civ. P. Supp. G(7)(b)(i).  The burden of proof lies with the moving party. *United States v. Approximately 81,545 Cans of Baby Formula*, 560 F.3d 638, 641 (7th Cir. 2009).  In considering the above factors, the Court is entitled to "considerable discretion" in

choosing "what factors to consider, and what weight to give them." *Id.* Other courts have, for instance, ordered the interlocutory sale of a Defendant vehicle when the vehicle "incur[red] substantial storage costs" and was "depreciating in value." *See, e.g.*, *United States v. One 2010 Dodge Ram*, No. 14-cv-1065, 2015 WL 685208 (D. Md. Feb. 18, 2015).

The government argues that interlocutory sale of the Defendant vehicle in this case is warranted "to avoid storage costs and depreciation." Dkt. 14 at 1. At the Court's request, the United States submitted a declaration elaborating on the storage costs of the Defendant vehicle, its rate of depreciation, and its current market value. *See* Dkt. 24. According to Jeannie Perez, a "Supervisory Paralegal Specialist with the U.S. Customs and Border Protection (CBP), Fines, Penalties and Forfeitures (FP&F) Office," the "cost incurred to store the vehicle" from November 16, 2017 "through November 2, 2018 was $7,025.13." Dkt. 24-1 at 1, 2 (Perez Decl. ¶¶ 1, 4). A certified appraiser "advised CBP that, as of October 22, 2018, the fair market value of the vehicle is $220,000" and that it is expected to "depreciate by approximately $15,000 from October 2018 to October 2019." *Id.* (Perez Decl. ¶ 5).

Opposing Claimants object to the sale on the ground that the "loss" that would result from selling the vehicle at a public auction "would be higher than the combined amount of depreciation . . . and any storage costs." Dkt. 17 at 3. At the October 31, 2018 status conference, Opposing Claimants further objected to the Court's proposed reserve price of $200,000, and requested the opportunity to submit their own appraisal. The Court granted this request. Minute Order (Oct. 31, 2018). On November 5, 2018, Opposing Claimants submitted their own valuation of the Defendant vehicle, arguing that "the conservative and reasonable base value for the sale should be no less than $240,000." Dkt. 26 at 3.

The Court concludes that interlocutory sale of the Defendant vehicle is warranted under Rule G7(b)(i). Given that discovery will not be complete until July 26, 2019, it is likely that the Defendant vehicle will incur an additional year's worth of storage costs (roughly $7,000) and depreciation (roughly $15,000) if it remains in custody pending the resolution of this action. The Court will, accordingly, order the interlocutory sale of the Defendant vehicle in order to best preserve its value. With respect to the appropriate reserve price, the Court concludes that a reserve price of $220,000 would best facilitate the sale of the Defendant vehicle while ensuring that it is not sold at a loss that would exceed the projected costs of storage and depreciation. Although Opposing Claimants contend that the fair market value of the vehicle is much higher than the government's estimate of $220,000, *see* Dkt. 26 at 2–3 (Claimants' valuations starting at $230,000), the Court is unconvinced that a reserve price of $240,000 is warranted. In particular, although Opposing Claimants contend that the "starting bid" at the Manheim Auto Auction in Florida (where the Defendant property is currently located) for a 2014 Rolls Royce Phantom was $230,000, *id.* at 3, their own exhibit shows that $230,000 was the "buy-now price," not the first-bid price. Dkt. 26-1 at 13 (Ex. 6). As such, even assuming that $230,000—or even $240,000—is the fair market value of the Defendant vehicle, a reserve price of $220,000 is more than sufficient to preserve the value of the Defendant vehicle when factoring in the projected storage and depreciation costs: approximately $22,000.

For the foregoing reasons, it is hereby **ORDERED** that, pursuant to Rule G7(b)(i) of the Supplemental Rules, the United States may sell, by commercially reasonable means, the Defendant property, one 2014 Rolls Royce Phantom Automobile with Vehicle Identification Number SCA681S57EUX73086, if an offer is made above the following reserve price: $220,000.

It is further **ORDERED** that the net proceeds of the sale of the property will be substituted for the above-described property and held by the United States Marshals Service or other United States agency pending a final judgment in this action.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  November 5, 2018