UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 18-CV-1228 (RDM) |
| | ) |
| ONE 2014 ROLLS ROYCE PHANTOM | ) |
| AUTOMOBILE, et al | ) |
| | ) |
| Defendants. | ) |
| | ) |

### CLAIMANTS' MOTION FOR RECONSIDERATION OF THE ORDER GRANTING GOVERNMENT'S MOTION FOR ENTRY OF PROTECTIVE ORDER AS FILED AND TO STRIKE GOVERNMENT'S REQUEST FOR SANCTIONS

Claimants, Luova Concepts, LLC, Luova Concepts Limited and Nedcomaoks Limited, by and through C. Jude Iweanoge, Esquire and THE IWEANOGES' Firm, PC their attorneys files this motion for reconsideration of the Order entering Government's proposed Protective Order as filed and to strike Government's request for Sanctions. In support of this motion, Claimants represent the following unto this Honorable Court:

1. That the parties appeared before the Court on March 10, 2020 for a status hearing. Based on undersigned counsel's recollection and hearing notes, the Court directed the Government to send a draft protective order to undersigned counsel by end of the day on March 10, 2020. The government's counsels agreed that they had readily available protective order to send to undersigned counsel and did not raise any objection as to the time.

2. Notwithstanding the Court's directive, Government's counsel failed to provide a draft protective order on March 10, 2020 but instead relied on the Minute Order entry that Government should send a draft protective order by end of the day on March 12, 2020.

3. Not hearing from the government on March 10th and 11th, Undersigned counsel contacted the government to request the draft protective order as directed by the Court and the government advised that they have until end of day on March 12, 2020 to provide the draft. The government waited until 2:07pm to provide the draft protective order.

4. Undersigned counsel made substantial changes to the draft protective order and sent it back to the government for review and comments. The government accepted a majority of the changes but declined to agree to limit the term "associated lawyers." It is Claimants position that due to the different divisions that have been involved in this forfeiture matter and the parallel criminal investigation, that allowing all unidentified lawyers from different sections of the United States Attorney's under the guise of associated lawyers, to review confidential documents disclosed by Claimants, without executing a disclosure agreement would contravene the purpose and intent of Claimants need for entry of a protective order.

5. Despite the Government's clear understanding that the parties have a disagreement regarding a term in the protective order, Government filed a motion for entry of protective order without bringing to the Court's attention that it was Government's proposed version and that there was a disagreement between the parties regarding the broad term "associated lawyers" especially where the government had only identified one lawyer as an associated lawyer following the counsels' discussions.

6. It is Claimants position that due to the misleading nature of Government's motion for entry of protective order, the Court granted the motion and entered the Government's proposed Protective Order, as submitted. The government did not seek to shorten the time for Claimants to respond to the motion; neither did the court order Claimants to respond by a date certain. Notwithstanding the current country condition due to the corona pandemic, where courts, offices

and virtually everything is shut down and undersigned counsel is forced to stay home due to the corona pandemic, the Court granted government's motion and termed it "Unopposed" even though the motion is not yet ripe.

7. That while the Claimants will comply with the production concomitantly with the filing of this motion for reconsideration; however, they request that the Court reconsider its order and address the disagreement regarding whether associated lawyers should sign a disclosure agreement or enter other safeguards to prevent the government from sharing the disclosed information with any lawyer that it arbitrarily deems to be associated, no matter how insignificant the lawyers role may seem in this forfeiture matter.

8. That Claimants have attached as Exhibit A, their Proposed Protective Order in this matter.

9. That Claimant request that the government request for sanction be denied with prejudice because it has failed to comply with the Courts Standing Order, paragraph 13 that requires counsel to contact chamber to arrange a telephone conference with the Court, since this pertains to production of discovery. Moreover Government failed to comply with the clear mandates of Local Civil Rule 7(m), having failed to inform Claimants counsel that he was going to seek leave to seek sanctions requesting that the Court strike Claimants' Amended claims. While Government's counsel represented in its motion that counsel for the parties conferred and claimants oppose the motion, it is pertinent to note that counsel for the government never requested for consent to its request to seek sanction, as is evident from Exhibit 2 attached hereto.

10. That pursuant to LCvR 7(m), undersigned counsel sought the consent of Plaintiff but did not get a response prior to filing this motion.

WHEREFORE, the Claimants respectfully prays this Honorable Court to reconsider the entry of Government's protective order, resolve the issue regarding the term associated lawyers and whether they should sign disclosure agreements, and strike Government's request for leave to seek sanctions, with prejudice.

                                                Respectfully submitted
                                                **THE IWEANOGES' FIRM, P.C.**

By: _____/s/_____
                C. Jude Iweanoge (DCB#: 493241)
                **IWEANOGE LAW CENTER**
                1026 Monroe Street, NE
                Washington, D.C. 20017-1760
                Phone: (202) 347 – 7026
                Fax: (202) 347 -7108
                Email jci@iweanogesfirm.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 18, 2020, a copy of the foregoing Claimants' Submission was filed via electronic case filing system of the United States District Court for the District of Columbia and accordingly, the Court will notify the Government and Claimant Wong through the court's e-file system.

                                                _____/s/_____
                                                   C. Jude Iweanoge