Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| ONE 2014 ROLLS ROYCE PHANTOM | ) | |
| AUTOMOBILE, WITH VEHICLE | ) | Civil Action No. 18-1228 (RDM) |
| IDENTIFICATION NUMBER | ) | |
| SCA681S57EUX73086; | ) | |
| | ) | |
| $79,806.57 OF FUNDS ASSOCIATED | ) | |
| WITH LUOVA CONCEPTS, LLC; and | ) | |
| | ) | |
| $7,987.70 OF FUNDS ASSOCIATED | ) | |
| WITH LUOVA CONCEPTS, LLC, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PROTECTIVE ORDER**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

Exhibit A

As set forth herein, the parties may designate as "Confidential" the documents produced as part of discovery or other disclosures consistent with the Federal Rules of Civil Procedure in this case. Such documents shall be used solely for purposes of the above-captioned litigation, and shall be further protected as set out herein. The parties agree that financial records previously disclosed to Claimants through discovery shall be deemed Confidential under the terms of this Protective Order.

1. The parties may designate the documents exchanged, revealed or presented in the course of discovery or disclosures consistent with the Federal Rules of Civil Procedure as "Confidential." Confidential information shall include, financial records, personnel files, corporate resolutions, meeting minutes, or any other business entity related, proprietary or personal information, or personal identifying information of any Claimants' employees or former employees, or customers, or any other document designated by any party as Confidential. The inadvertent failure of a party to mark or designate a document as Confidential at the time of its production shall not constitute a waiver of the protections provided herein, so long as said oversight is recognized and rectified in a reasonably timely manner.

2. The non-producing party may object to the designation of the information as "Confidential." In the event of any such objection, counsel for the parties shall confer as promptly as practicable to attempt to resolve the objection informally. Should the parties be unable to resolve the objection informally, the parties' counsel may submit such dispute to the Court for resolution as set forth in paragraph 12 below. Until the Court resolves the dispute, the information shall be treated as "Confidential."

3. Documents designated "Confidential," and information obtained from documents

Exhibit A

designated "Confidential," shall be produced with the understanding and agreement by the parties, their counsel, and any expert witness employed by the parties, that the production is protected and subject to a non-disclosure Order of the Court, and that it is to be used only for purposes of proceedings in this action, subject to the following conditions: counsel for the parties shall not release or disclose said Confidential Documents or any information contained therein, except as follows:

    a.    to the Court;

    b.    to attorneys of record in this case, as well as their associated lawyers, legal assistants, paralegal, secretarial and clerical and other personnel engaged in assisting them in litigation, provided that such persons, other than the attorneys of record, first execute an affidavit and disclosure agreement in the form attached hereto (the "disclosure agreement"); and the non-producing attorney of record redacts all but the last four digits of Social-Security numbers, taxpayer-identification numbers, or all but the year of birth dates, the full name but not the initials of an individual known to be a minor, and all but the last four digits of financial account numbers from any document(s) designated "Confidential"

    c.    to expert witnesses, if any, provided that such witnesses first execute a disclosure agreement and the non-producing attorney of record redacts all but the last four digits of Social-Security numbers, taxpayer-identification numbers, or all but the year of birth dates, the full name but not the initials of an individual known to be a minor, and all but the last four digits of financial account numbers from any document(s) designated "Confidential";

    d.    to a witness or party during a deposition, or to a court reporter transcribing testimony of any such witnesses, provided that such witnesses first execute a disclosure agreement

Exhibit A

and the non-producing attorney of record redacts all but the last four digits of Social-Security numbers, taxpayer-identification numbers, or all but the year of birth dates, the full name but not the initials of an individual known to be a minor, and all but the last four digits of financial account numbers from any document(s) designated "Confidential";

      e.      to non-producing attorney of record's client(s), provided that such witnesses first execute a disclosure agreement and the non-producing attorney of record redacts all but the last four digits of Social-Security numbers, taxpayer-identification numbers, or all but the year of birth dates, the full name but not the initials of an individual known to be a minor, and all but the last four digits of financial account numbers from any document(s) designated "Confidential"; and

      f.      to other person(s) permitted to examine such materials either by mutual agreement in writing of counsel for the parties or, in the absence of written mutual agreement, by order of the Court upon request but only in compliance with the disclosure agreement.

      5.      Counsel for the parties shall not make additional copies of the documents designated as "Confidential," except as necessary for any under seal Court filing or for sharing the documents thus designated with others expressly authorized in this paragraph.  Documents designated as "Confidential" pursuant to this agreement shall be segregated from other discovery in the files of the parties' counsel so that they may be viewed only by individuals authorized herein.

      6.      All disclosure agreements shall be maintained by the non-disclosing party's counsel, with copies provided to counsel for the producing party.  A copy of each executed disclosure agreement shall be provided to counsel for the producing party within five (5) days of each execution.

Exhibit A

7.    If any party intends to file any motion, opposition, reply or any other filing and attach thereto any document designated as "Confidential" under this Protective Order, or set forth in the motion, opposition, reply or other filing information obtained from any document designated as "Confidential" under this Protective Order, the party must seek from the Court leave to file the same "under seal." Upon obtaining leave from the Court and serving and filing under seal any such document, the party who filed the document shall file on the public record a redacted version of the filing from which all "Confidential" information has been redacted, including the confidential bank account numbers or Social Security numbers contained in the subject document(s), subject to any additional requirements that the Court imposes. The attorney making the filing is responsible for ensuring that all appropriate redactions are properly made. Where the protected information is readily segregable from the filing (such as, for instance, a single exhibit to a motion), only the segregable document shall be filed under seal as stated herein but the remainder of the filing shall be filed on the public record.

8.    If documents designated as "Confidential" are to be used at a deposition, either party may designate that portion of the transcript as "Confidential" consistent with the provisions herein. In addition, if a document marked as "Confidential" is presented at deposition, then all but the last four digits of Social-Security numbers, taxpayer-identification numbers, or all but the year of birth dates, the full name but not the initials of an individual known to be a minor, and all but the last four digits of financial account numbers contained in the subject document(s) shall be redacted by the attorney using the document(s).

9.    Nothing contained herein shall restrict the government's use of its records for official business or for other purposes consistent with applicable laws and regulations. For this

Exhibit A

purposes of this Protective Order, government records are defined in 5 U.S.C. §§ 552 and 552a, and, for the purposes of this pending action, consist of all records that the government has obtained independent of any productions or disclosures of Claimants made under the Federal Rules of Civil Procedure in this action.

10. If any counsel finds it necessary to refer to "Confidential" information in any oral proceeding before the Court, that counsel shall notify the Court and all other counsel of record as soon as such necessity becomes apparent and shall propose whatever mechanism(s) may be available and appropriate to prevent disclosure of protected information as a consequence of such oral proceedings to persons other than those authorized by this Order.

11. Any specific part or parts of the restrictions imposed by this Protective Order may be terminated at any time by an Order of the Court. The producing party may terminate any specific part or parts of the restrictions imposed by this Protective Order with respect to documents or information designated as "Confidential" under this Order by letter or email to counsel for the non-producing party.

12. If the non-producing party disagrees with the designation of documents or information as "Confidential" and if the parties are unable to resolve the disagreement, the producing party may seek an Order from the Court confirming the "Confidential" designation for the disputed material under this Order. The designated documents or information shall remain subject to the protection of this Protective Order pending resolution of the dispute over the designation as such by the Court.

13. This Order is without prejudice to the rights of either party to seek from the Court a modification of this Order or related sealing order entered by the Court. This Order also is

Case 1:18-cv-01228-RDM   Document 53-1   Filed 03/18/20   Page 7 of 8

Exhibit A

without prejudice to the rights of parties to seek an amendment or modification to the instant Protective Order expanding the scope of the order to apply to additional documents that may warrant protection in the event of additional discovery in this matter.

14. This Order is without prejudice to the rights of any party to make any objection to discovery, or methods of discovery, permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial. By providing any document or other information in its possession, the parties do not waive any privileges, objections, or protection otherwise afforded to it by law or equity. Nothing in this Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information.

15. Within thirty (30) days of the final termination of this action, including all appeals, counsel for the non-producing party shall deliver to counsel for the non-producing party a Certificate of Compliance with provisions of this Protective Order. The Certificate of Compliance shall include a certification that counsel for the non-producing party has destroyed any and all notes, writings and/or recordings of any type pertaining to Confidential Documents covered by this Protective Order. Counsel for the non-producing party shall also return to counsel for the producing party all Confidential Documents produced by the producing party that are subject to this Protective Order (including without limitation copies in the possession of counsel's employees, consultants, contractors, experts and co-counsel), or certify that all such copies have been destroyed.

.

Exhibit A
It is so ORDERED by the Court this _____ day of _____ 2020.

                                                          _____
                                                          United States District Judge