**IWF**
___

**From:** Truong, John (USADC) <John.Truong@usdoj.gov>
**Sent:** Friday, March 13, 2020 9:19 PM
**To:** IWF
**Cc:** Lal, Arvind (USADC); Olinghouse, Daniel (USADC); Olinghouse, Daniel (CRM)
**Subject:** RE: U.S. v. Rolls Royce: Protective Order and Joint Motion for Entry of P.O.

Mr. Iweanoge:

Our responses are in bracket:

1. To cure the issue since we disagree on the broad term, "associated lawyers"; I suggest we write it as "counsels of record and Daniel Olinghouse" since your associated lawyer is identifiable.

   [**Response**: We cannot agree to a narrow definition of the term "associated lawyers." For instance, as a line-attorney, all of my work will need to be reviewed by my supervisory staff who are all undoubtedly "associated lawyers." Furthermore, other AUSAs in the office with expertise on the issues relevant to this case may assist with the litigation but are not counsel of record; however, they are certainly "associated lawyers." It appears that the parties have an unresolvable disagreement and, therefore, the Government will file its own proposed Protective Order, with "associated lawyer" exempt from signing the confidentiality agreement].

2. I do not accept your sentence as written. I will agree to include "The Court's Minute Order requires Claimants to produce certain documents by March 12, 2020, however, Claimants contend that the production is conditioned on the entry of a Protective Order."

   [**Response:** I re-read the Court's Minute Order and there is no condition precedent on Claimants' obligation to produce the documents, which are now late. There is no ambiguity in the Court's order for Claimants to advance your stated contention. Accordingly, we will file our own motion for entry of the proposed protective order]

Pursuant to Local Civil Rule 7(m), please let us know your position on our anticipated motion for entry of the protective order.

Thank you kindly for your prompt attention to this matter.
John


John C. Truong
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2524
(202) 815-8958 (office cell)
john.truong@usdoj.gov

**From:** IWF <jci@iweanogesfirm.com>
**Sent:** Friday, March 13, 2020 8:55 PM
**To:** Truong, John (USADC) <JTruong@usa.doj.gov>
**Cc:** Lal, Arvind (USADC) <ALal@usa.doj.gov>; Olinghouse, Daniel (USADC) <DOlinghouse1@usa.doj.gov>; Olinghouse, Daniel (CRM) <Daniel.Olinghouse@CRM.USDOJ.GOV>
**Subject:** RE: U.S. v. Rolls Royce: Protective Order and Joint Motion for Entry of P.O.

John:

1. To cure the issue since we disagree on the broad term, "associated lawyers"; I suggest we write it as "counsels of record and Daniel Olinghouse" since your associated lawyer is identifiable.
    2. I do not accept your sentence as written. I will agree to include "The Court's Minute Order requires Claimants to produce certain documents by March 12, 2020, however, Claimants contend that the production is conditioned on the entry of a Protective Order."

Kindly advise of your thoughts with respect to aforestated.

Notice: This e-mail is from a law firm, THE IWEANOGES' FIRM, PC, and is intended for the use of the individual(s) to whom it is addressed. If you received this email in error, notify the sender immediately, and delete the email.

| C. Jude Iweanoge, Esquire | The Iweanoges' Firm PC |
|---|---|
| | Iweanoge Law Center |
| | 1026 Monroe Street, NE |
| | Washington, DC 20017 |
| | tel: (202) 347-7026 |
| | fax: (202) 347-7108 |
| jci@iweanogesfirm.com | mobile: (202) 288-1374 |

Please consider the environment before printing

---

**From:** Truong, John (USADC) [mailto:John.Truong@usdoj.gov]
**Sent:** Friday, March 13, 2020 8:06 PM
**To:** IWF
**Cc:** Lal, Arvind (USADC); Olinghouse, Daniel (USADC); Olinghouse, Daniel (CRM)
**Subject:** RE: U.S. v. Rolls Royce: Protective Order and Joint Motion for Entry of P.O.

Mr. Iweanoge:

Thank you for your edits and for getting back to u.

Here are our responses to the two issues outline in your email:

1. Protective Order: I have only included associated lawyers among those that should sign the confidentiality agreement and excused only the attorneys of record.

    [**Response**: We need to include "associated lawyers" as exempt from signing the agreement because not all government lawyers working on this case are counsel of record. For instance, Mr. Daniel Olinghouse is not counsel of record but he is critical to our case. He is considered an "associated lawyer" to counsel of record (myself and Mr. Lal) and should be exempt]

2. Joint Motion: I revised the language because I cannot consent to it as a joint motion as characterized.

[**Response**: I will accept your edits if you agree to include the following sentence: "The Court's Minute Order requires Claimants to produce certain documents by March 12, 2020, however, Claimants have not done so claiming that a Protective Order is not yet in place." This sentence merely states the fact of the matter]

Please let me know and I can revise the two documents accordingly. If not, the parties can certainly file their own version of the Protective Order and have the Court decide which one to approve.

Thank you kindly for your prompt attention to this matter.

John


John C. Truong
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2524
(202) 815-8958 (office cell)
john.truong@usdoj.gov

---

**From:** IWF <jci@iweanogesfirm.com>
**Sent:** Friday, March 13, 2020 7:21 PM
**To:** Truong, John (USADC) <JTruong@usa.doj.gov>
**Cc:** Lal, Arvind (USADC) <ALal@usa.doj.gov>; Olinghouse, Daniel (USADC) <DOlinghouse1@usa.doj.gov>; Olinghouse, Daniel (CRM) <Daniel.Olinghouse@CRM.USDOJ.GOV>
**Subject:** RE: U.S. v. Rolls Royce: Protective Order and Joint Motion for Entry of P.O.

John:

Please find attached the revised documents.

1. Protective Order: I have only included associated lawyers among those that should sign the confidentiality agreement and excused only the attorneys of record.
    2. Joint Motion: I revised the language because I cannot consent to it as a joint motion as characterized.

If the attached version is fine with you, you have my consent to accept the changes, delete the comment and file.

Sincere regards.

Notice: This e-mail is from a law firm, THE IWEANOGES'FIRM, PC, and is intended for the use of the individual(s) to whom it is addressed. If you received this email in error, notify the sender immediately, and delete the email.

| C. Jude Iweanoge, Esquire | The Iweanoges' Firm PC |
|---|---|
| | Iweanoge Law Center |
| | 1026 Monroe Street, NE |
| | Washington, DC 20017 |
| | tel: (202) 347-7026 |
| | fax: (202) 347-7108 |
| jci@iweanogesfirm.com | mobile: (202) 288-1374 |

🖶 Please consider the environment before printing

---

**From:** Truong, John (USADC) [mailto:John.Truong@usdoj.gov]
**Sent:** Friday, March 13, 2020 5:51 PM
**To:** IWF
**Cc:** Lal, Arvind (USADC); Olinghouse, Daniel (USADC); Olinghouse, Daniel (CRM)
**Subject:** U.S. v. Rolls Royce: Protective Order and Joint Motion for Entry of P.O.

Good afternoon, Mr. Iweanoge:

1. Protective Order: We accepted your redline edits and made additional redline edits (attached). The key revision to your edits is that we do not believe that counsel of record (including you) and their associated counsel are required to sign the non-disclosure agreement. The NDA is reserved for experts and other individuals not in this litigation.

2. Joint Motion for Entry of the P.O.: Please insert your signature for filing purposes. We have included a request for the Court to expeditiously grant the Joint Motion so that Claimants can promptly produce the documents called for in the Minute Order.

Please review the two attached documents and let us know if we your permission to file them.

Thank you kindly for your prompt attention to this matter.
John


John C. Truong
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2524
(202) 815-8958 (office cell)
john.truong@usdoj.gov